# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20720

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2018

Lyle W. Cayce
Clerk

ELSA RODRIGUEZ,

Plaintiff - Appellant

v.

HOUSTON INDEPENDENT SCHOOL DISTRICT,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-3360

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:*

Elsa Rodriguez ("Rodriguez") brought an action under 42 U.S.C. Section 1983 against her employer, the Houston Independent School District ("HISD"), for alleged violations of her First and Fourteenth Amendment rights. She appeals the district court's order dismissing her complaint for failure to state a claim. Because she did not plead sufficient facts to establish municipal liability, the district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20720

## I. BACKGROUND

Rodriguez is a current HISD employee and a member of the HISD teacher's union, the Houston Federation of Teachers ("HFT"). Rodriguez joined and became active in HFT in 2008 while teaching at Oates Elementary. Rodriguez filed several union grievances against Oates's principal, Isabel Palacios ("Palacios").

Palacios placed Rodriguez on a performance plan and asked Superintendent Terry Grier and the HISD Board of Trustees to approve non-renewal of Rodriguez's contract. The Board of Trustees approved nonrenewal, which Rodriguez and the HFT then challenged. Rodriguez subsequently entered an agreement with Grier and HISD allowing Rodriguez to keep her job and be transferred to a new school with a one-year demotion if she agreed not to sue Grier, HISD, or any of its officer employees and lawyers. Rodriguez was transferred to Jefferson Elementary School for the 2011-12 school year.

Rodriguez was seriously injured in April 2013, causing her to take medical leave for the remainder of the 2012-13 school year at Jefferson. Jefferson's new principal, Ashley Green ("Green"), reassigned Rodriguez from a third grade classroom in an auxiliary building to a second grade classroom in the main building for the 2013-14 school year. Due to lingering medical limitations, Rodriguez asked Green for help moving her classroom materials to her new classroom; Green allegedly called the school's custodians to the main office and instructed them not to help any teacher move anything. The materials were eventually moved to Rodriguez's new classroom after she placed a call to HISD's EEO Office.

Rodriguez and several other teachers met with Green in September 2013 to discuss their writing curriculum. Green made negative remarks about Rodriguez's performance during this meeting, and Rodriguez filed an HFT grievance against Green for violating HISD policy. The grievance was resolved

No. 16-20720

in Rodriguez's favor and Green was required to apologize publicly and privately to Rodriguez.

During this time, Green contacted Chief Elementary Schools Officer Karla Loria ("Loria") regarding anonymous reports of STAAR testing irregularities in April 2013. Loria initiated an investigation regarding these irregularities that implicated Rodriguez and other teachers at Jefferson. Rodriguez and the other teachers were suspended from teaching duties on November 15, 2013. That same day Rodriguez received a memorandum explaining that she would be temporarily relieved of teaching duties and reassigned until the investigation ended. Rodriguez spent the remainder of the school year working at HISD's Butler Stadium Field House. Rodriguez was not formally cleared of the cheating allegations for over a year despite HISD's knowledge that she had been on medical leave for several weeks before, and many months after, the alleged cheating took place.

Rodriguez filed the instant suit against HISD in November 2015 alleging violations of her First and Fourteenth Amendment rights. Rodriguez amended her complaint in April 2016. HISD moved to dismiss the amended complaint for failure to state a claim. The district court granted HISD's motion.

## II. STANDARD OF REVIEW

This court reviews *de novo* motions to dismiss. *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009) (citation omitted). "Viewing the facts as pled in the light most favorable to the nonmovant, a motion to dismiss . . . should not be granted if a complaint provides 'enough facts to state a claim to relief that is plausible on its face." *Id.* (citations omitted).

### III.  ANALYSIS

Rodriguez claims the district court erred in dismissing her Section 1983 claims.  HISD, the sole defendant, cannot be held liable under 42 U.S.C. Section 1983 on a theory of *respondeat superior* for the actions of its employees. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-94, 98 S. Ct. 2018, 2036-38 (1978).  Rather, municipal liability under Section 1983 requires three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom.  *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (footnote omitted) (citation omitted).

The facts alleged in Rodriguez's Amended Complaint are insufficient to show that an HISD policymaker or policy was the "moving force" behind any constitutional violations, or that the disputes Rodriguez had with HISD administrators can be fairly identified as actions attributable to HISD. Rodriguez alleges that Superintendent Grier was HISD's "delegated policymaker in personnel matter[s] at all levels of HISD employment," which the HISD Board of Trustees ratified.  Rodriguez further alleges Grier "espoused and publically (sic) implemented an anti-teacher union policy" throughout his tenure at HISD.

Whether an official has policymaking authority is a question of state law. *See Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993).  Under Texas law, final policymaking authority in an independent school district rests with the district's board of trustees, not the Superintendent.  *See id.* (quoting Tex. Educ. Code § 23.01 (repealed and reenacted as amended in 1999 as Tex. Educ. Code § 11.051)) ("The public schools of an independent school district shall be under the control and management of a board of seven trustees."); *see also* Tex. Educ. Code § 11.051 ("An independent school district is governed by a board of trustees . . . .").  State law makes clear that Superintendent Grier

No. 16-20720

was not a policymaker.  Alternatively, Rodriguez pled no facts to suggest that any of the alleged violations of her constitutional rights were the result of an intentional decision by the HISD Board of Trustees.  Accordingly, Rodriguez's Amended Complaint does not allege sufficient facts to find that either a policymaker or an official policy or custom was the "moving force" behind the alleged violations of her constitutional rights.  The district court did not err in dismissing Rodriguez's Section 1983 claim against HISD.

For the foregoing reasons, the district court's dismissal of Rodriguez's Amended Complaint is **AFFIRMED**.